Pierson *v.* Glean.

---

### ISAAC PIERSON v. JAMES E. GLEAN.

An action for continuing a nuisance cannot be maintained against him who did not erect it, without a previous request made to him to remove or abate it.

Isaac Pierson brought an action of trespass on the case against James E. Glean. The nature of the pleadings, and the question involved in the case, sufficiently appear in the opinion of the court delivered by the Chief Justice. The cause was submitted to the court on the written arguments of the counsel.

*A. Dodd* for the plaintiff.

*A. Gifford* for the defendant.

HORNBLOWER, C. J. The declaration in this case contains two counts—1st. That the plaintiff was lawfully seized and possessed, on the first day of April, eighteen hundred and thirty-one, of certain lands, in and through which a stream of water had always been accustomed to run and flow; that the defendant on the said first day of April, 1831, and from that time continually afterwards *maintained and kept up a mill dam* across the said stream and thereby caused the waters of the said stream to overflow and drown the plaintiff's land. The second

Pierson v. Glean.

·count is like the first, except, that it alleges *a possession* only, and not a *seizen* in the plaintiff.

To this declaration the defendant has put in three pleas—1st, The general issue. 2dly, Protesting that he never erected or unlawfully maintained the dam. The defendant says that prior to the 26th July, 1830, he had no title or possession; that on that day he became seized and possessed of the said dam ; since which, neither the plaintiff or any other person, for him or in his behalf, ever requested the defendant to *reform* or *remove* the said dam ; and concludes with a verification, 3dly, That the mill-dam was erected, kept up and maintained before the 26th July, 1830, previous to which day the defendant had no *title*, *possession* or *interest* in the said dam—that on that day the defendant became seized and possessed in fee, and has never since been requested, &c.

To the second and third pleas there is a general demurrer and joinder.

The only question presented to the court upon the pleadings in this case, is, whether an action for continuing a nuisance, will lie against him, who did not erect it, before any request made to him to remove or abate the injury.

The plaintiff's declaration is not for *erecting*, but for *maintaining* and keeping up the dam.

The defendant says, the dam was erected before he became seized or possessed of the premises, and that the plaintiff did not at any time before the commencement of the action, request him to reform or remove the injury complained of. This allegation is fully admitted by the general demurrer.

The law as settled in Penruddock's case, 5 *Co.* 101, has never, I believe, been seriously questioned since. In that case it was resolved, that though the continuance of a nuisance by the *feoffee* was a new wrong, yet a *quod permittat* would not lie against him, without a request made, &c. Ld. Ch. Just. Willes, in *Winsmore* v. *Greenbank*, *Willes Rep.* 583, speaking of the distinction between the beginning and the continuance of a nuisance, by building a house that hangs over or damages another, refers to Penruddock's case ; says the law is certainly so, and the reason obvious. Mr. Chitty, in his treatise on pleading, 1 *vol.* 376, says it is necessary to state *a request* in a declaration,

for continuing a nuisance erected by another.   See. 2 *Chitt. on Pl.* 334, *note c.*   In the case of *Salmon* v. *Bensley, Ryan* and *Moody, R.* 195, 21 *Engl. Com. L. R.* 414, 2 *Saund. on Evid. and Plead.* 690, the same doctrine is admitted by Abbott, Ld. Ch. Just. though he held that a person who takes premises upon which a nuisance exists, and continues it, takes them subject to all the restrictions imposed upon his predecessors, by the receipt of such a notice, as had in that case been served upon the preceding occupant.

As well then upon the good sense and common justice of the case, as upon the ground of venerable and unquestioned authorities, I am of opinion, that the demurrer ought to be overruled.

Judgment for defendant on demurrer.

CITED in *Beavers* v. *Trimmer*, 1 *Dutch*, 101; CRITICISED *in Morris Canal & Banking Co.* v. *Ryerson*, 3 *Dutch.* 474.